



# MEMORANDUM OPINION

No. 04-12-00183-CV

**IN THE INTEREST OF J. A. T.**, et al., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-00437
Honorable Richard Garcia, Judge Presiding

PER CURIAM

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  August 29, 2012

DISMISSED FOR WANT OF JURISICTION

Appellant Fernando C. Puente attempts to appeal from a final order terminating his parental rights.  *See* TEX. FAM. CODE ANN. § 263.405.  The trial court entered a final order of termination on December 17, 2009, but signed a nunc pro tunc termination order on March 2, 2011.  Because this is an accelerated appeal, the notice of appeal was due on March 22, 2011.  *See* TEX. R. APP. P. 26.1(b) (requiring notice of appeal to be filed within twenty days after the judgment is signed in an accelerated appeal).  A motion for extension of time to file the notice of appeal, if necessary, was due on April 6, 2011.  *See* TEX. R. APP. P. 26.3 (providing a fifteen-day grace period after the deadline for filing notice of appeal).  Appellant did not file his notice of appeal until March 26, 2012, approximately one year after the deadlines for filing the notice of

appeal and motion for extension of time to file the notice of appeal had expired. *See id.* Once the period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

On June 4, 2012, this court ordered appellant to show cause in writing within twenty days why this appeal should not be dismissed for want of jurisdiction. After requesting additional time to respond, appellant filed a written response and supplemental response explaining that he did not receive notice of the final order terminating his parental rights until November 18, 2011, and requesting that this court consider this explanation for the untimely filing of his notice of appeal. *See* TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a). Rules 306a(4) and 4.2(a) provide for an extended time period for perfecting an appeal when a party affected by a judgment does not receive notice, or acquire actual knowledge, of the judgment within twenty days after the date the judgment is signed; however, both rules also expressly state that "in no event may the period[] begin more than 90 days after the judgment or order was signed." *Id.* Here, appellant states that he first received actual notice of the termination order on November 18, 2011 — more than ninety days after the nunc pro tunc termination order was signed on March 2, 2011. Therefore, the extended time period for perfecting an appeal contemplated by Rule of Civil Procedure 306a(4) and Rule of Appellate Procedure 4.2(a) does not apply in this situation. Under these circumstances, we cannot help but conclude that we lack jurisdiction over the appeal. Accordingly, the appeal must be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). All pending motions filed by appellant are moot.

PER CURIAM